UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARIE ROSS,

Plaintiff,

v.

SOUTHWESTERN OREGON COMMUNITY
COLLEGE,

Defendant.

6:16-CV-118-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff was employed for many years as a testing proctor by defendant Southwestern Oregon Community College. Her position was reconfigured and she was not hired for the reconfigured position after an admittedly poor interview.

Plaintiff asserts a single federal claim for an alleged Section 1983 Procedural Due Process violation. She also asserts whistleblowing and wrongful discharge claims under state law. Presently before the court is defendant's motion for summary judgment.

Page 1 - ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

**Discussion**

As discussed below, defendant has established that no genuine issue of material fact exists on the Section 1983 claim and that defendant is entitled to summary judgment as a matter of law on such claim. As also discussed below, because the only federal claim is being dismissed, the whistleblowing and wrongful discharge claims brought pursuant to state law are dismissed without prejudice to refile in state court.

I. Federal Claim - Procedural Due Process

A. Plaintiff did not have a property interest in her position with defendant under the Collective Bargaining Agreement

Plaintiff alleges that she was deprived of her constitutionally protected interest in the legitimate expectation of continued employment without due process of law.

In determining whether plaintiff was denied a property interest without due process of law, the court must first determine whether plaintiff has a property interest in continued employment. Property interests are not created by the U. S. Constitution, but rather by an independent source, such as state law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Further, to have a property interest, a person must have a legitimate claim of entitlement to such an interest, not a mere unilateral expectation of continued employment. Id.

If, under state law, employment is at-will, then the claimant has no property interest in the job. Id. This applies to both private and public employment. See, Lawson v. Umatilla County, 139 F.3d 690, 692-693 (9th Cir. 1998). Oregon Courts have held that public employees who are in positions without any means of acquiring permanent job security and who remain on probationary

Page 3 - ORDER

status permanently have no property interest within the meaning of the Fourteenth Amendment. See, e.g., Papadopoulos v. Oregon State Board of Higher Education, 14 Or. App. 130, 167-168 (1973). Employees without a property interest are not entitled to a pretermination hearing or to be informed of the reasons for their discharge or failure to rehire. See, Board of Regents, 408 U.S. at 578.

Plaintiff was employed as a proctor and that position, at all relevant times, was characterized as temporary. Although plaintiff was employed for a significant period of time, her own subjective and unilateral belief that she was entitled to continued employment is insufficient to entitle her to procedural due process protections. Rather, plaintiff had no property interest in continued employment, and there is no statute or College policy to the contrary. Plaintiff was not a member of the union at the College, did not consider herself to be a member of the union, and did not pay union dues, and, thus, could not invoke any job protections from the collective bargaining agreement. Therefore, as an at-will employee, the College could terminate plaintiff's employment at any time. Despite plaintiff's arguments discussed below, plaintiff cannot establish an essential element of her Procedural Due Process claim —that she had a protected property interest in continued employment – and, as such, her federal claim is dismissed.

Plaintiff does not dispute that the College categorized plaintiff's proctor position as an at-will employee, but rather whether that categorization was appropriate under the collective bargaining agreement. Whether or not plaintiff's hours worked fit a definition of a union eligible employee has no bearing on the analysis of whether she had a property interest in continued employment at the time her position was reconfigured. Sufficiency of hours worked is not equivalent to union membership. Prior to the filing of this lawsuit, plaintiff did not identify herself as a member of the union, review the collective bargaining agreement, pay membership dues, pursue membership, or

Page 4 - ORDER

pursue a grievance. Rather, she retroactively attempts to utilize the union's grievance and subsequent settlement with the College as a basis for asserting a retroactive property interest in the proctor position. This union activity, in which plaintiff had limited to no involvement [1] does not alter her at-will employment status when she was separated from her employment with the College. As such, the collective bargaining agreement did not provide plaintiff with a property interest in her proctor position with the College.

B. <u>Plaintiff has no other independent source to form a basis for a property interest in her position with the College</u>

Plaintiff also attempts to utilize ORS 341.547, the corresponding regulations and the College's policies related to these employee notice requirements as an independent source of plaintiff's alleged reasonable expectation of continued employment. However, such does not provide an independent source to form a basis for a property interest in plaintiff's position with defendant.

ORS 341.547 is entitled "Notice of Reasonable Assurance of Continued Employment." The purpose of this statute is to prevent education employees from collecting unemployment during summer months, not to provide a prolonged property interest for a term or academic year. See ORS 657.167 (2); see also Employment Division v. Ash, 89 Or. App. 429, 431-432 (1988). Moreover, even if the statute, regulations and policies could theoretically be independent sources of an employee's reasonable expectations of continued employment through the following academic term, that is not the effect in this particular case as 1) plaintiff was notified of her non-selection for

---

[1] Plaintiff authorized the union to look at her hours, but that was the extent of her involvement with the union.

Page 5 - ORDER

the testing/proctor coordinator position in February 2015, prior to the May 30 statutory notice deadline; 2) any prior year's notice would cease to provide an expectation of continued employment after plaintiff continued in her position the following term (i.e., Fall 2014 term) ; and 3) plaintiff had not performed the duties of tutor in the period immediately before the Summer 2015 vacation period, and, as such, she was not required to be provided notice of continued employment for the vacation period following the May 30 notice deadline.

C. Even if plaintiff had a property interest , the College cannot be held liable under Section 1983 because there was no deliberate indifference to plaintiff's constitutional rights

In addition to showing a property interest, plaintiff must also adequately show deliberate indifference to plaintiff's constitutionally protected rights to establish Section 1983 liability against defendant College. See, Oviatt v. Pearce , 954 F.2d 1470, 1474 (9th Cir. 1992); p. 9 of Plaintiff's Response (#25). Plaintiff identifies the College's past practices utilized in the hiring process as the deliberately indifferent custom that resulted in plaintiff's alleged due process claim. However, in articulating why the hiring process practice and custom was "deliberately indifferent " to plaintiff's constitutional rights, plaintiff merely reiterates her criticism of the College's selection criteria and failure to provide more weight to past experience, rather than interview scores. Plaintiff also identifies Mr. Keller, the hiring committee chair, and Mr. Tomlin, the hiring authority, as supervisors in a position to retaliate based upon the hiring process. As demonstrated by defendant, these employees followed the College's reasonable past practice and custom in hiring and did not alter the outcome of plaintiff's non-selection for the reconfigured position. Plaintiff also points to the hiring authority's ultimate discretion in selecting the successful candidate as a deliberately

Page 6 - ORDER

indifferent custom. However, Section 1983 liability cannot attach based solely on hiring authority's discretion in selecting the top candidate for the position in the circumstances of this case. See Gillete v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1991) , quoting St. Louis v. Praprotonik , 485 U. S. 112, 126 (1988) ("if the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from [improper] respondeat superior liability"). Therefore, even if plaintiff had a property interest in her job, no Section 1983 liability may attach to the College, and defendant is entitled to judgment as a matter of law.

II. Claims Brought Under State Law

This court exercises its discretion and declines to exercise supplemental jurisdiction over the remaining claims brought under state law as all federal claims have been dismissed and such is appropriate in the circumstances of this case. 28 U. S. C. Section 1367 (c) (3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'" (citation omitted)).

This court has not invested its judicial energies as to the state-law claims to such an extent that would justify retaining jurisdiction. Nor is it apparent that judicial economy would be served by retaining jurisdiction over this case. Although it might be more convenient for the plaintiff if the court retained jurisdiction, fairness and comity would be served by declining jurisdiction.

## **Conclusion**

Defendant's motion (# 21) for summary judgment is allowed to the extent plaintiff's Section 1983 claim is dismissed. The court declines to exercise supplemental jurisdiction over plaintiff's remaining claims brought under state law. As such, these claims are dismissed without prejudice to refile in state court. This action is dismissed.

DATED this 27 day of April, 2017.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 8 - ORDER